# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1826V
UNPUBLISHED

| | |
|---|---|
| KATHY EMRICH *and* JEREMY EMRICH, *on behalf of K.E.,* *a minor child,*<br><br>                                Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 24, 2022<br><br>Special Processing Unit (SPU); Damages Decision based on Proffer; Meningococcal Vaccine; Vasovagal Syncope. |

*Alison H. Haskins, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioners.*

*Benjamin P. Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On December 11, 2020, Petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that their minor child K.E. suffered vasovagal syncope as a result of her receipt of a meningococcal vaccination on June 9, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 28, 2021, a ruling on entitlement was issued, finding that Petitioners on behalf of K.E. were entitled to compensation for K.E.'s episode of vasovagal syncope. On August 24, 2022, Respondent filed a proffer on award of compensation. Proffer at 1-2. In the Proffer, Respondent represented that Petitioners agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award:**

**A. A lump sum payment of $12,238.60, representing compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to Petitioners and:**

**Equian
ATTN: Nicole Gulley
P.O. Box 182643
Columbus, OH 43218
Equian Event Number: 68721966**

**Petitioners agree to endorse the check to Equian for satisfaction of the Medicaid lien.**

**B. A lump sum payment of $9,000.00 (representing future medical expenses and partial pain and suffering) in the form of a check payable to Petitioners; and**

**C. An amount of $96,000.00 to purchase the annuity (representing all remaining pain and suffering) described in the Proffer at Section II.B.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                                      )
KATHY EMRICH and JEREMY          )
EMRICH, on behalf of K.E.,                 )
a minor child,                                       )
                                                      )
      Petitioners,                             )
                                                      )   No. 20-1826V **(ECF)**
v.                                                    )   Chief Special Master Corcoran
                                                      )
SECRETARY OF HEALTH              )
AND HUMAN SERVICES,                 )
                                                      )
      Respondent.                            )
_____)

**RESPONDENT'S PROFFER OF DAMAGES**

**I.     Procedural History**

On July 23, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioners' child, K.E., suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, an episode of vasovagal syncope, as defined in the Vaccine Injury Table. ECF No. 17. Accordingly, on July 28, 2021, the Chief Special Master issued a Ruling on Entitlement. ECF No. 18.

**II.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through lump sum and future annuity payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should K.E. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

A. <u>Medicaid Lien</u>

Respondent proffers that petitioners should be awarded funds to satisfy the State of South Carolina Medicaid lien in the amount of **$12,238.60**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of South Carolina may have against any individual as a result of any Medicaid payments the State of South Carolina has made to or on behalf of K.E. from the date of her eligibility for benefits through the date of judgment in this case as a result of K.E.'s alleged vaccine-related injury suffered on or about June 9, 2020, under Title XIX of the Social Security Act.

B. <u>Pain and Suffering and Future Medical Expenses</u>

For future medical expenses and partial pain and suffering, respondent proffers that petitioners should be awarded a lump sum payment of **$9,000.00**. Petitioners agree.

For all remaining pain and suffering, an amount not to exceed the sum of $96,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

2

...

be purchased,[4] subject to the conditions described below. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will provide payments to K.E. as set forth below:

> Beginning on the first anniversary of the date of judgment, $24,000.00 per year for four (4) years certain. Then, on the anniversary of the date of judgment in year 2027, a certain lump sum of $5,249.42.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $96,000.00. In the event that the cost of the certain annuity payments set forth above varies from $96,000.00, the certain lump sum due on the anniversary of the date of judgment in year 2027, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $96,000.00. Should K.E. predecease any of the certain annuity payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of K.E.'s death.

The amounts set forth in sections II.A. and II.B. represent all elements of compensation to which K.E. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

---

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time the first annuity payment set forth in section II.B. is received, K.E. will be an adult, and thus guardianship is not required.

3

**III.     Summary of Recommended Payments Following Judgment**

    A.    A lump sum payment of $12,238.60, representing compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to petitioners and:

> Equian
> Attn: Nicole Gulley
> P.O. Box 182643
> Columbus, Ohio 43218
> Equian Event Number: 68721966

Petitioners agree to endorse the check to Equian for satisfaction of the Medicaid lien;

    B.    A lump sum payment of **$9,000.00** in the form of a check payable to petitioners; and

    C.    An amount of **$96,000.00** to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

5

           */s/ Benjamin P. Warder*
           BENJAMIN P. WARDER
           Trial Attorney
           Torts Branch, Civil Division
           U.S. Department of Justice
           P.O. Box 146, Ben Franklin Station
           Washington, D.C. 20044-0146
           Direct Dial: (202) 532-5464
           Email:  Benjamin.P.Warder@usdoj.gov

DATE:  August 24, 2022